UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOE LEDEZMA,
CDCR #H-84273,

Plaintiff,

v.

M. RAMIREZ, Reviewing Authority;
M. PALMER, Reviewing Authority;
RABBI HAJHAJ,

Defendants.

Case No.: 3:25-cv-01585-BTM-MMP

**ORDER: (1) DISMISSING ALL CLAIMS EXCEPT FREE EXERCISE AND RLUIPA CLAIMS AGAINST DEFENDANT RABBI HAJHAJ**

**AND**

**(2) DIRECTING U.S. MARSHALS TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT AND SUMMONS ON DEFENDANT RABBI HAJHAJ**

**[ECF NO. 10]**

On June 19, 2025, Plaintiff Joe Ledezma, who is proceeding *pro se* and incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Ledezma also filed a motion to proceed in forma pauperis. (ECF No. 3.) On December 2, 2025, the Court granted Ledezma's request to proceed in forma pauperis but screened and dismissed his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 5.) While Ledezma

adequately alleged he possessed a sincerely held religious belief requiring a specialized diet, he failed to allege Defendants Ramirez and Palmer were ultimately responsible for processing or responding to his religious meal requests. (*Id.* at 7–9.) The Court therefore found that Ledezma failed to state a plausible Free Exercise claim as to either Ramirez or Palmer, the only defendants named. (*Id.* at 10–11.) The Court likewise found Ledezma failed to state plausible Eighth or Fourteenth Amendment violations with respect to the denial of his religious diet. (*Id.* at 11–14.)

Ledezma was granted leave to file a First Amended Complaint, and did so on April 27, 2026. (ECF No. 10 (First Amended Complaint ("FAC")).) Ledezma now names Rabbi Hajhaj as the sole Defendant. (*Id.* at 3.) Ledezma alleges that Rabbi Hajhaj, who is employed at the correctional facility as a chaplain, ignored his requests for a Kosher religious diet and refused to interview him. (*Id.*) Ledezma realleges violations of his First Amendment right to free exercise of religion and his Fourteenth Amendment right to equal protection. (*Id.* at 2, 5.) He also alleges a violation of his right to exercise his religious beliefs under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

For the reasons discussed, the Court finds that Ledezma's FAC alleges plausible Free Exercise and RLUIPA claims against Defendant Rabbi Hajhaj but fails to state a plausible Equal Protection claim. Consequently, the Court **DISMISSES** Ledezma's Equal Protection claim but **DIRECTS** U.S. Marshals service upon Rabbi Hajhaj with respect to his remaining Free Exercise and RLUIPA claims.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff remains a prisoner and is proceeding IFP, his FAC requires preliminary screening. 28 U.S.C. §§ 1915(e)(2), 1915A(b). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)); *see also Hebrard v.*

*Nofziger*, 90 F.4th 1000, 1006–07 (9th Cir. 2024) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *see Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8 describes "the information that a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. 187, 196 (2026). Thus, Rules 8 and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "*Iqbal* requires attention to the pleading of both facts and law." *Gibson v. City of Portland*, 165 F.4th 1265, 1287 (9th Cir. 2026). Although detailed factual allegations are not needed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B. Discussion**

1. <u>Free Exercise and RLUIPA Claims</u>

Ledezma's FAC alleges that his requests for a "Religious Kosher diet" were ignored by Rabbi Hajhaj once Ledezma sent them to the prison chapel. (FAC, 2.) The Rabbi allegedly ignored Ledezma's request even after it advanced through the prison grievance process. (*Id.*) Defendant Rabbi Hajhaj is alleged to be a chaplain responsible for approving or denying his request for a religious diet.

The Free Exercise Clause of the First Amendment forbids government from "prohibiting the free exercise" of religion. U.S. Const. amend. I; *cf. Thomas-Weisner v. Gipson*, No. 3:19-CV-01999, 2020 WL 6271207, at *4 (S.D. Cal. Oct. 26, 2020) (dismissing free exercise claims *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) where complaint failed to allege that the defendants "played any direct role in the decision to deny or remove Plaintiff from the [Religious Meal Alternative Diet

Program].”). A religious diet claim under the Free Exercise Clause requires a showing that the prisoner’s “sincerely held religious belief” “was impinged by government action.” *Fuqua v. Raak*, 120 F.4th 1346, 1352 (9th Cir. 2024). If the prisoner makes such a showing, then the “burden shifts to the [defendant] to show that the regulation is reasonably related to legitimate penological interests.” *Id.* (alteration in original) (quoting *Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022); *see also Shakur v. Schriro*, 514 F.3d 878, 882, 888–89 (9th Cir. 2008).

Ledezma alleges in the FAC that he has a sincerely held religious belief in Judaism, has converted to the faith, and believes he must comply with the Torah’s precepts regarding the “types of foods to be consumed, prepared and kept.” (FAC, 2.) He further claims to have forwarded an inmate request for a religious diet to Rabbi Hajhaj, but the Rabbi refused to interview him and “ignored” his request. (*Id.*) The Court therefore finds Ledezma has now sufficiently alleged a First Amendment free exercise claim for relief against Defendant Rabbi Hajhaj. *See Iqbal,* 556 U.S. at 678; *Fuqua*, 120 F.4th at 1352.

To the extent that Ledezma raises a claim under RLUIPA, the Court finds that this claim also passes the threshold for an initial screening. RLUIPA provides that “[n]o government shall impose a substantial burden on the religious exercise” of a prisoner unless the government demonstrates the burden furthers a “compelling government interest” in the “least restrictive” manner it can. *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (quoting 42 U.S.C. § 2000cc–1(a)). This statutory standard is “more generous to the religiously observant than the Free Exercise Clause.” *Jones v. Slade*, 23 F.4th 1124, 1139 (9th Cir. 2022). Here, the allegations that Rabbi Hajhaj ignored Ledezma’s religious diet request appeared to substantially burden Ledezma’s exercise of his religious beliefs. Thus, for the same reasons Ledezma has sufficiently alleged a First Amendment free exercise claim, he has sufficiently alleged a claim under RLUIPA.

2. <u>Fourteenth Amendment Equal Protection Claim</u>

As the Court indicated in its first screening order, to state a claim under § 1983 for a violation of the Equal Protection Clause, a plaintiff must allege that a defendant has

"acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal citation omitted).

Here, the FAC names Rabbi Hajhaj as the chaplain alleged to have ignored Ledezma's request for Kosher dietary provisions. But Ledezma only claims that he was denied equal protection based on the assertion that he has "witnessed other inmates allow[e]d to practice their religious beliefs via [staff] allowing other inmates to eat their religious meals[,] [t]hus treating Plaintiff different th[a]n other inmates due to . . . Plaintiff practicing Judaism." (FAC, 5.) The Court finds Ledezma's FAC still does not plausibly allege that Rabbi Hajhaj intentionally discriminated against him based on his religion. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."). Ledezma continues to contend that he was generally treated differently. He suggests that his rights were violated simply because he knows other prisoners receive religious meals. "To infer intentional discrimination from these minimal allegations is too far a leap." *Royzman v. Lopez*, No. 21-CV-1429, 2023 WL 2026537, at *9 (S.D. Cal. Feb. 15, 2023); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (finding "conclusory statements of bias" insufficient to plausibly set forth Equal Protection claim).

Therefore, the Court dismisses Ledezma's Equal Protection claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Watison,* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121, 1123.

3. <u>Eighth Amendment Cruel and Unusual Punishment Claim and Claims Against Ramirez and Palmer</u>

Ledezma's original Eighth Amendment claims were previously dismissed based on his failure to state any plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* ECF No. 5, at 12–14.) The Court granted Ledezma leave to amend these claims but cautioned that his failure to address and re-allege them in his amended pleading would result in waiver. (*Id.* at 15.) Ledezma's FAC contains no Eighth Amendment claims

for relief, and he omits reference to any constitutional violation other than under the First Amendment and the Due Process Clause of the Fourteenth Amendment. (*See* FAC, 2, 5.) Ledezma's FAC also contains no allegations or claims against the original Defendants Ramirez and Palmer.

Therefore, the Court deems the remainder of Ledezma's previously alleged bases for relief waived. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (holding that claims dismissed with leave to amend are "considered waived if not repled" in an amended pleading).

## III. CONCLUSION

For the reasons discussed, the Court:

(1) **DISMISSES** the Equal Protection claim alleged in Count Two of the FAC. Ledezma's Free Exercise and RLUIPA claims alleged in Count One and part of Count Two may proceed against Defendant Rabbi Hajhaj.

(2) Finds that Ledezma's Eighth Amendment claim and any claims against Ramirez and Palmer, not repled in the amended complaint, are waived. The Eighth Amendment Claim is **DISMISSED** without leave to amend. Any claims against Ramirez and Palmer are **DISMISSED** without leave to amend.

(3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 10) for Defendant Rabbi Hajhaj and forward it to Ledezma along with a blank U.S. Marshals Form 285 for this Defendant. The Clerk will provide Ledezma with a certified copy of the FAC and the summons so that he may serve Defendant Hajhaj. Upon receipt of this "In Forma Pauperis Package," Ledezma must complete Form USM-285 as completely and accurately as possible. Ledezma must include an address where Defendant Hajhaj may be found or subject to service pursuant to Local Civil Rule 4.1(c) of the Southern District of California. Ledezma must then return the form to the U.S. Marshals according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

(4) **ORDERS** the U.S. Marshals to serve a copy of the First Amended Complaint and summons upon Rabbi Hajhaj as directed by Ledezma on the Form USM-285. Costs

of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(5) **ORDERS** Defendants Rabbi Hajhaj, once served, to reply to the surviving Free Exercise and RLUIPA claims in Ledezma's FAC, and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) ("The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

(6) **ORDERS** Ledezma, after service, to serve upon Defendant Rabbi Hajhaj or the Defendant's counsel a copy of every further pleading, motion, or other document submitted for the Court's consideration. *See* Fed. R. Civ. P. 5(b). With every original document Ledezma seeks to file, he must include a certificate stating the manner in which a true and correct copy of that document has been served on the Defendant or Defendant's counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

(7) **DENIES** Ledezma leave to amend the FAC to correct the deficiencies in his Equal Protection claim. Ledezma may apply for leave to amend the FAC if the action continues after the Magistrate Judge holds an Early Neutral Evaluation conference.

**IT IS SO ORDERED.**

Dated: August 3, 2026

Honorable Barry Ted Moskowitz
United States District Judge